JOHN FULTON, Respondent, *v.* FRANCIS S. STAATS, Appellant.

In an action against a police officer for assault and battery and false imprisonment, it appeared that the defendant was called to the house of the plaintiff by information that he was killing his mother-in-law, and on attempting to arrest him, the plaintiff resisted and kicked and struck at the defendant and his assistant all the way to the station house, and it was during their passage thither that the defendant inflicted the injuries complained of as unjustifiable.

The defendant offered to prove that the plaintiff threatened, while on the way to the station house, and in his custody, that he would murder the defendant or any one else who attempted to arrest him. This evidence was excluded.—*Held* (LOTT, GROVER and WOODRUFF, JJ., *contra*) error, and that the evidence was admissible as bearing upon the question of the propriety of the force used by the defendant.

(Submitted October 9th, 1869, and decided December 22d, 1869.)

APPEAL from the judgment of the General Term of the Supreme Court in the third district.

This was an action for assault and battery and false imprisonment, alleged to have been committed at Cohoes, in May, 1867. The defendant was a member of the police force, then on duty; was informed that Fulton had murdered his mother-in-law, and proceeded to his house to arrest him. The plaintiff resisted, struck the defendant several times, kicked him and his assistant, and hung back, refusing to go. The defendant succeeded in carrying him to the police office, and he was locked up for the night. On the trial, the defendant proposed to show, that at the time the parties were on the bridge, on their way to the police office, the plaintiff said he would murder the policeman or any person that attempted to arrest him. This evidence was objected to by the plaintiff's counsel, and excluded, to which the defendant excepted. The plaintiff recovered fifty dollars, and the General Term of the third district affirmed the judgment entered upon the verdict. The defendant appeals to this court.

*E. F. Bullard*, for appellant.

*J. T. Crawford*, for respondent.

Hunt, Ch. J. The charge to the jury was sufficiently favorable to the defendant. The judge charged, that if the defendant had received information from which he believed, that a felony had been committed, it was his duty to make the arrest with or without warrant. That if, upon arriving at the plaintiff's residence, he found the information to be erroneous, he had no right to proceed farther; that he had a right to use as much force as was necessary to make the arrest, and that the jury should not measure precisely the limit to which he went, unless they found that he exceeded all proper and rational bounds. He left the conflicting testimony of the parties to the jury, for them to determine that question.

I think, however, there was error in excluding the offer to prove that the plaintiff threatened to murder the policeman or any one who attempted to arrest him. According to the defendant's account, the plaintiff resisted the arrest from the beginning to the end. He refused to submit to capture at his house, but tried to escape there; he struck at him, used profane and threatening language there. To overcome him, the defendant says that he called in assistance, and carried him down as far as the bridge; that he then sent back for his clothes, to be brought to the station house. Still further on, according to the defendant's account, he continued the resistance, by throwing down his assistant, and by seizing and by kicking himself and his assistant, and by hanging back all the way. The passage from the house to the police office constituted but one transaction, and all that was there said or done was competent evidence for either party. It was competent to the plaintiff to show that he consented in words to accompany the officer, and that, notwithstanding such consent, he was roughly and brutally treated. His consent would form an important element in the case, and if sincere, would have required and justified a smaller degree of force than under other circumstances. So it was competent to show the resistance in words, as well as in acts, and when the plaintiff said, accompanying his actual resistance, that he would murder any man that attempted to arrest him, a much greater

degree of energy was justified, than if there had been no such threat. It was highly expressive of the plaintiff's determination *not to permit the arrest,* and of the degree to which he purposed resistance.

For this exclusion, a new trial must be ordered.

LOTT, J. (dissenting.) The jury were instructed by the court in the charge given them, that if the defendant, who, as police officer, received information on the night of the plaintiff's arrest, that a murder had been committed, and he honestly believed it, it was not only his right, but his duty to arrest the party charged with or without a warrant, and to use so much force as was necessary to effect it ; and after referring to the evidence and making proper comments thereon, explanatory of the authority and rights of the officer in the execution of his duty, he said, " if the officer acted in a rational and reasonable manner and in good faith, he is justified and you find for the defendant. If not, and if he used unnecessary force and severity, then you find for the plaintiff." The evidence, as to the conduct of the defendant and the circumstances under which force was used, and as to its degree was conflicting, and the jury found in favor of the plaintiff. That finding is conclusive on us.

There being conflicting evidence on the questions referred to, it was proper to submit those to the jury, and the motion to dismiss the complaint was properly denied.

Some exceptions were taken to the rulings of the court. Those relied on as to the admissibility of evidence, by the appellant, will be now briefly noticed.

The following questions were asked and overruled :

1st. Were there not some pretty hard characters in the crowd ? referring to a crowd in the street, when the defendant was taking the plaintiff to the station house.

That was a fact irrelevant to the issue. It did not authorize or in the least degree excuse the infliction of blows or any violence by the officers on the prisoner, or palliate such acts.

2d. The defendant's counsel, after the conclusion of the

examination of the defendant himself, recalled the first witness examined on his behalf and proposed to show " that at the time they were on the bridge, the plaintiff said that he would murder the policeman or any person that attempted to arrest him."

That was excluded and properly. No declaration of that kind would justify, excuse or palliate any of the acts complained of and especially if not made in the presence of the defendant. It was therefore irrelevant and immaterial, and it may be added that the admission of the proof after a full examination of that witness and without any pretence that it was offered in rebuttal of what had subsequently been proved on the part of the plaintiff was discretionary and its refusal was not a ground of exception.

The other exceptions are not urged in the points on this appeal. I have, however, examined them and it is sufficient to say without noticing them specifically that neither of them is well taken.

No exception was taken to the charge of the judge; but the defendant's counsel at its close asked him to charge, in addition, that there was no evidence in the case, " that the officer acted in bad faith," and also " that upon the evidence the defendant was justified."

Both of these requests were refused, accompanied with the remark, that he would leave those questions to the jury. That was proper.

There was evidence of a conflicting nature on each of those questions. It would, therefore, have been improper for the court to have given the positive instruction asked on either of them.

My conclusion upon the whole case is, that there is no legal ground for the reversal of the judgment. It must consequently be affirmed with costs.

MASON, JAMES, MURRAY, DANIELS, JJ., concurred with HUNT, Ch. J., for reversal.

GROVER and WOODRUFF, JJ., were with LOTT, J., for affirmance.

Judgment reversed.